**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>    Ledy J. Madero<br><br>                                          *Debtor* | Case No. 25-30973 (AMN)<br>Chapter 13 |
| Ledy J. Madero<br>                                          *Movant*<br><br>v.<br><br>State of Connecticut Department of Revenue Services and<br>Roberta Napoliano, Chapter 13 Trustee<br>                                          *Respondents* | RE: ECF No. 39 |
| Ledy J. Madero<br>                                          *Movant*<br><br>v.<br><br>US Small Business Administration; City of Milford; Viora Inc. aka Sinclair; and Roberta Napoliano, Chapter 13 Trustee<br>                                          *Respondents* | RE: ECF No. 40 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING MOTIONS FOR FAILURE TO MEET**
**DUE PROCESS REQUIREMENTS OF FED.R.BANKR.P. 7004**

Service of a contested matter is governed by Fed.R.Bankr.P. 9014 and Fed.R.Bankr.P. 7004. Contested matters include motions to avoid a lien impairing an exemption pursuant to Bankrutpcy Code § 522(f) and motions to determine the secured status of a lien pursuant to Bankruptcy Code § 506. 11 U.S.C. §§ 506, 522(f). Practitioners should take note of the service requirements contained in Fed.R.Bankr.P. 7004(b)(4), (b)(5) and (b)(6) when serving federal, state and local governments because those service rules apply to respondents in contested matters.

Here, Ledy Madero (the "Debtor") filed two motions seeking relief pursuant to 11 U.S.C. § 506 to determine the claim status of liens asserted by the United States Small Business Administration ("SBA"), the City of Milford Tax Collector ("City Tax Collector"), and the Connecticut Department of Revenue Services (the "State DRS")(collectively "Respondents").  ECF Nos. 39, 40 (the "Motions").  Bankruptcy Rule 9014(b) applies to these contested matters and requires the movant to serve the motions on the respondents within the time prescribed by Rule 9006(d) and in the manner for serving a summons and complaint provided by Rule 7004.  Fed.R.Bankr.P. 7004, 9006(d), 9014(b).

As a rule of thumb, if a motion requires a caption identifying a movant and a respondent, it is most likely a contested matter and Fed.R.Bankr.P. 7004 applies to service of the motion.  Motions that do not commence contested matters (e.g., employment applications, fee applications, and motions for extension of time, among others) are governed by Rule 9013.  Fed.R.Bankr.P. 9013.  The distinction is important because "service" under Rule 9013 requires mailing a notice using the address on the list of creditors for the case or as identified in a proof of claim, while "service" under Rule 9014 is more akin to serving process in state or federal court litigation involving a plaintiff and defendant.  *Compare* Fed.R.Bankr.P. 9013 and 2002(g) *with* Fed.R.Bankr.P. 9014(b) and 7004.

### *How to Serve an Agency of the United States*

Pursuant to Fed.R.Bankr.P. 7004(b)(4) and (b)(5), service upon the United States and officers or agencies of the United States, such as the SBA, can only be accomplished by mailing a copy of the contested matter to all three of these addresses:  (1) the address of the federal officer or federal agency; (2) the address for the United States Attorney's

2

Office in the District where the action is filed, to the attention of the Civil Process Clerk; and (3) the Attorney General of the United States in Washington, D.C.

### *How to Serve an Agency of the State of Connecticut or a City Tax Collector*

With respect to state and municipal public entities like the State DRS and City Tax Collector, Rule 7004 requires a movant to mail the contested matter to the person or office prescribed by state law to be served or, if there is no such designation, then to the chief executive officer of the particular entity.  Fed.R.Bankr.P. 7004(b)(6).  To serve a city tax collector, Conn.Gen.Stat. § 52-57(b)(5) requires service "upon [the city's] clerk, assistant clerk or deputy clerk or upon its mayor or manager."  Conn.Gen.Stat. § 52-57(b)(5).

To serve the State DRS, service must be made upon the State.  Service "may be made by a proper officer (1) leaving a true and attested copy of the contested matter (here, the Motions) and the notice of contested matter response date required by our Local Bankruptcy Rules, with the Attorney General at the office of the Attorney General in Hartford, or (2) sending a true and attested copy of the contested matter (here, the Motions) and the notice of contested matter response date required by our Local Bankruptcy Rules, by certified mail, return receipt requested, to the Attorney General at the office of the Attorney General in Hartford."  Conn.Gen.Stat. § 52-64(a); Local Bankruptcy Rule 9014-1.  *See also* Fed.R.Bankr.P. 5003(e) (requiring the Clerk of the Bankruptcy Court to maintain a register of mailing addresses for federal and state governmental units and certain taxing authorities).

### *The Motions Here Were Not Adequately Served*

Here, the Debtor served the Motions on the Respondents by mail to an address for notice found on the Respondents' various proofs of claim or by serving appearing counsel for a Respondent, instead of following the more demanding due process

3

requirements for contested matters identified in Fed.R.Bankr.P. 7004. The Small Business Administration was mailed a copy of ECF No. 40, but it was not addressed to the head of the agency and neither the local United States Attorney's Office nor the United States Attorney General in Washington, D.C. were served. ECF No. 40, p.8.

While the City Tax Collector was mailed a copy of ECF No. 40, the entity identified in the caption of the Motion was "City of Milford," not the tax collector, and the document was mailed to the "City Attorney's Office" which is insufficient under Conn.Gen.Stat. § 52-57(b)(5). ECF No. 40, pp. 1, 8.

The State of Connecticut Department of Revenue Service was mailed a copy of ECF No. 39, to the attention of an Assistant Attorney General who has appeared in the case. ECF No. 39, p.8. However, service addressed to the State DRS's appearing counsel in the bankruptcy case is not sufficient to comply with the specific service requirements for a contested matter stated in Fed.R.Bankr.P. 7004.

### *Notice is Not Equivalent to Service*

Had the Motions been matters governed by Fed.R.Bankr.P. 9013, then mail service to either a proof of claim notice address or appearing counsel for a creditor might have been sufficient. Importantly, once a creditor files a proof of claim identifying an address where notices should be mailed, that address supersedes the creditor's address in the list of creditors filed by a debtor at the beginning of a case. See Fed.R.Bankr.P. 2002(g).

But, the heightened level of service of process for a contested matter is meant to grab the creditor's attention the same way service of a summons and complaint should. A governmental creditor does not waive the procedural requirements of Fed.R.Bankr.P. 7004 by filing a proof of claim or a notice of appearance. Although Fed.R.Bankr.P. 2002(g)

4

provides <u>notice</u> to a creditor should be mailed to the address specified in a proof of claim, providing notice of a contested matter is not the same as effectuating service of process.

> By permitting service by first class mail without requiring an acknowledgment of receipt of service, Rule 7004 significantly abbreviates the procedures set forth in the Federal Rules of Civil Procedure. This simple and expeditious method for serving notice is required due to the particular notice problems associated with bankruptcy proceedings—comparatively short time limits and large numbers of persons to be noticed of various proceedings. Because of this abbreviated notice procedure, it is important that correct notice is provided in accordance with the rules.
> *In re Karbel*, 220 B.R. 108, 112 (10th Cir. BAP 1998)(internal citations removed).

Perhaps in light of these concerns the requirements of Rules 2002(g) and 7004 are different. Notice under Bankruptcy Rule 2002(g) can generally be addressed merely to the creditor entity's name, while service under Rule 7004 must be directed to a specific individual, such as an officer of a bank, an Attorney General, etc. Thus, there is insufficient service under Rule 7004(b) when service is not directed to the attention of the appropriate individual, or when not executed via the proper mechanism, such as via certified mail, pursuant to Rule 7004(h). See, e.g., *In re Hutto*, 647 B.R. 294, 298 (Bankr. D.S.C. 2022); *In re Synthesis Indus. Holdings 1 LLC*, No. 18-15993-MKN, 2019 Bankr. LEXIS 2614 (Bankr. D. Nev. Aug. 7, 2019); *In re Ochab*, 271 B.R. 673 (Bankr. S.D. Ala. 1999) (each detailing that, unless the specific requirements of Rule 7004 are satisfied, service is ineffective, and mere compliance with Rule 2002(g) is insufficient alone). While using a proof of claim address as a service address is not unprecedented, it is not appropriate in this circumstance, where service upon governmental units is clearly prescribed and is easy to accomplish. See, *e.g. In re Cruisephone, Inc.*, 278 B.R. 325, 332-333 (Bankr. E.D.N.Y. 2002); *In re Ms. Interpret*, 222 B.R. 409, 413 (Bankr. S.D.N.Y. 1998) (noting service upon a corporation's claim address can be sufficient in some cases,

5

where the proof of claim serves as an 'appointment' under Rule 7004(b)(3)). Here, as noted, the service on federal, state and local governments or their agencies was insufficient pursuant to Rule 7004(b)(4), (5), or (6).

Importantly, without proper service to a contested matter respondent, the Court lacks jurisdiction over that person. See Fed.R.Bankr.P. 7004(f); see also, e.g. *In re Wilkinson*, 457 B.R. 530, 547 (Bankr. W.D. Tex. 2011); *In re Scott*, 437 B.R. 376, 379 (B.A.P. 9th Cir. 2010); *In re Cagle*, No. 07-11689-WHD, 2008 Bankr. LEXIS 2094, at *3 (Bankr. N.D. Ga. 2008); *In re Maloni*, 282 B.R. 727, 731 (1st Cir. BAP 2002).

For these reasons, it is hereby

**ORDERED**: The Motions (ECF Nos. 39 and 40) are DENIED, without prejudice, because they were not served upon the Respondents as required by Fed.R.Bankr.P. 7004.

Dated this 23rd day of January, 2026, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut